KAUFMANN v. UNITED STATES.

(Circuit Court, S. D. New York. February 3, 1904.)

No. 3,342.

1. CUSTOMS DUTIES—CLASSIFICATION—APPLIQUÉD MOTTOES—HAUSSEGEN.
    Certain so-called "Haussegen" or wall mottoes, consisting of pasteboard cards with mottoes sewn thereon, and with various pictures surrounded by wreaths, affixed thereto by some adhesive material, are dutiable under paragraph 339, Tariff Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662], relating to appliquéd or embroidered articles, and not under paragraph 407 of said act (Schedule M, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]), as manufactures in chief value of paper.

On application by Ernst Kaufmann, importer, for review of a decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York.

Albert Comstock and Percy W. Crane, for appellant.
Charles D. Baker, Asst. U. S. Atty.

WHEELER, District Judge. These articles are Haussegen or wall mottoes imported from Germany, and returned by the appraiser as appliquéd articles (vegetable fiber), on which a duty has been assessed at the rate of 80 per cent. ad valorem, under paragraph 339 of the Tariff Law (Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1662]), which covers "wearing apparel, handkerchiefs, and other articles or fabrics embroidered in any manner by hand or machinery, whether with a letter, monogram, or otherwise; tamboured or appliquéd articles, fabrics or other wearing apparel." They are claimed to be dutiable under, among others, paragraph 407 (Schedule M, 30 Stat. 189 [U. S. Comp. St. 1901, p. 1673]), at 35 per cent. ad

valorem, as "manufactures of paper, or of which paper is the component material of chief value." They are found to consist of perforated pasteboard cards, upon the surfaces of which are sewn mottoes in fancy letters with woolen and metal threads, and upon the face of which, within the mottoes, are affixed, by paste or other adhesive material, various pictures surrounded by wreaths. This description appears to be entirely correct, and the articles plainly fall within those provisions of paragraph 339, for embroideries and appliquéd articles. Those provisions are limited to articles composed of vegetable fiber, but with a proviso that no duty on embroideries shall be less than that imposed on any embroideries of the same materials, and those of these materials do not appear to be less than 60 per cent. There does not appear to be any evidence taking these articles away from this classification. The reference to another decision does not seem to be a finding of the same facts, but only an application of the same principles.

Decision affirmed.